IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| In re:<br><br>ACACIA RESOURCES, LLC<br><br>Debtor. | Chapter 7<br><br>24-70195 (SMR) |

**AMENDED MOTION FOR ENTRY OF ORDER (I) APPROVING STIPULATION AND (II) GRANTING RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)**

COMES NOW Ron Satija, in his capacity as Chapter 7 trustee (the "Trustee"), the duly appointed and acting Trustee of the estate of the above-captioned debtor, Acacia Resources, LLC (the "Debtor"), and hereby files this *Amended Motion for Entry of Order (I) Approving Stipulation and (II) Granting Relief from the Automatic Stay under 11 U.S.C. § 362(d)* (the "Motion"), and in support states as follows:

**RELIEF REQUESTED**

The Trustee seeks entry of an order substantially in the form attached to this Motion (the "Order") (i) approving the stipulation (the "Stipulation") between the Trustee and EOG Resources, Inc. (the "Non-Debtor Party") set forth below, and, *inter alia*, granting the Non-Debtor Party relief from the automatic stay for the purpose of entering upon the oil and gas leases set forth on "Schedule 1" to the Order (as may be supplemented upon agreement between the Trustee and the Non-Debtor Party), and performing any and all acts as may be necessary or appropriate respecting demands, orders, or obligations imposed by governmental regulatory authorities with jurisdiction over the Debtor's ownership and operation of oil and gas interests.

1

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the *Order of Reference of Bankruptcy Cases and Proceedings* from the United States District Court for the Western District of Texas dated October 4, 2013.

2. The matter before the Court is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (G).

3. Venue is proper by virtue of 28 U.S.C. §§ 1408 and 1409.

4. The bases for relief are Section 362 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 4001-1.

## BACKGROUND

### A. The Bankruptcy Cases

5. On December 27, 2024 ("Petition Date"), the Debtor commenced the above-captioned bankruptcy case (this "Bankruptcy Case") by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

6. Also on December 27, 2024, Acacia Operating Company, LLC commenced Case No. 24-70194 (SMR) by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

7. The Trustee is the duly appointed chapter 7 trustee of the Debtor's bankruptcy estate in this Bankruptcy Case and of the bankruptcy estate in the companion case filed by Acacia Operating Company, LLC.

### B. The Debtor's Operations

8. Prior to the Petition Date, the Debtor was a private oil and gas operating company engaged in the acquisition, ownership, development, and/or production of oil and natural gas, and operation of oil and gas interests.

9. The Debtor purchased its oil and gas interests out of the bankruptcy case filed by Remnant Oil Company, LLC ("Remnant Oil") in this Court's Midland Division, Case No. 19-70106, pursuant to the *Amended Order Granting Motion of Ronald Ingalls, Chapter 7 Trustee to Sell Real Property Free and Clear of Liens, Claims, Interests and Encumbrances (Oil and Gas Interests)* entered June 30, 2020 [Docket No. 452] (the "Remnant Sale Order"). Remnant Oil acquired its interests from certain non-debtor parties, as discussed below.

10. The Debtor's operations were (and remain) subject to demands, orders, or obligations imposed by governmental regulatory authorities with jurisdiction over the Debtor's ownership and operation of oil and gas interests, including the New Mexico State Land Office (the "SLO"), the Bureau of Land Management ("BLM"), and the New Mexico Oil Conservation Division (the "OCD").

### C. The Non-Debtor Parties

11. Certain non-debtor parties, including the Non-Debtor Party, are lessees of record with the SLO and/or BLM on various leases containing wells owned and operated by the Debtor pre-petition, and where the Debtor is recognized by OCD as the "operator of record".

12. In some instances, the records with SLO, BLM, and/or OCD do not recognize the Debtor as the lessee or the owner and/or operator of record, even though it actively owned and operated the oil and gas interests it purchased from Remnant Oil pursuant to the Remnant Sale Order.

### D. *Regulatory Matters*

13. The Debtor failed to perform myriad of its regulatory obligations imposed by SLO, BLM, and/or OCD prior to the Petition Date, and such obligations remain unperformed.

14. As a result, the regulatory agencies are looking to the Non-Debtor Party to perform certain work associated with the Debtor's ownership and operation of its oil and gas interests including, for example, plugging and abandonment of wells, remediation of spills, leaks, and discharges, removal of roads and power lines, removal of abandoned equipment, and other regulatory compliance activities.

## THE STIPULATION

15. The Trustee seeks approval of the Stipulation and entry of the Order granting the Non-Debtor Party relief from the automatic stay for the purposes set forth below and in the Order. In addition to other terms and conditions set forth in the form of Order, the Trustee and the Non-Debtor Party stipulate and agree as follows:

(a) The automatic stay pursuant to Section 362 of the Bankruptcy Code, to the extent it is applicable, shall be lifted so that the Non-Debtor Party may perform any and all acts as may be necessary or appropriate respecting demands, orders, or obligations imposed by governmental regulatory authorities with jurisdiction over Debtor's ownership and operation of oil and gas interests.

(b) The Trustee, the Debtor (as directed by the Trustee), and the Non-Debtor Party shall perform any other or further acts, and execute and deliver, including by electronic means (*e.g.*, any regulatory agency's online portal or other electronic platform), any other or further documents and instruments, including, but not limited to, regulatory forms and/or applications, transfer forms and/or applications, consents, recordings, and filings as may be necessary or appropriate to implement the Order.

(c) Nothing shall (i) be deemed an admission by the Non-Debtor Party as to the existence or enforceability of any demand, order, obligation, or (ii) create, or is intended to create any rights in favor of, or enhance the status of, any claim, right, defense, or interest held by any person or entity.

(d) The Non-Debtor Party is, with respect to the bankruptcy estate, released from any and all claims, demands, obligations, judgments, actions, causes of action, liens, indebtedness, and liabilities, known or unknown, in law or equity, for injuries,

losses, or damages, of whatever kind or character, whether personal, property, economic, noneconomic, punitive, or consequential arising out of or in any way relating to any actions taken pursuant to the Order.

(e) Neither the Non-Debtor Party nor any of its affiliates, officers, directors, partners or any of their respective successors or assigns, as a result of any action taken in connection with implementation of the Order, shall be deemed to be a successor (or other such similarly situated party) to the Debtor, and the Non-Debtor Party is not assuming any liability or obligation of the Debtor or the bankruptcy estate.

(f) The Non-Debtor Party's right to assert one or more claims against the bankruptcy estate with respect to any pre- or post-petition obligations of the Debtor consistent with the relief granted herein is not waived or released, and all of the Non-Debtor Party's rights and claims against the Debtor and the estate in this bankruptcy case are preserved.

## BASIS FOR RELIEF

16. Section 362(d) of the Bankruptcy Code provides that the Court shall grant relief from the stay –

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if –

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

### A. *Cause Exists to Grant Relief From the Stay*

17. The Debtor remains subject to demands, orders, and obligations imposed by governmental regulatory authorities, including the SLO, the BLM, and the OCD. However, the Debtor's failure to comply with those directives is causing immediate harm to the Non-Debtor Party because, in the absence of the Debtor's performance, the agencies look to the lessees and owners and/or operators of record to satisfy the Debtor's obligations. Nevertheless, the Debtor's interests in the wells and associated real and personal property at issue remain property of the bankruptcy estate under Section 541 of the Bankruptcy Code, thus inhibiting the Non-Debtor

Party's ability to perform any and all acts as may be necessary or appropriate respecting demands, orders, or obligations imposed by governmental regulatory authorities with jurisdiction over Debtor's ownership and operation of oil and gas interests.

18. In addition, amounts being assessed by the regulatory agencies for the Debtor's failure to fulfill its regulatory obligations is potentially imposing post-petition liabilities against the Debtor's estate, which by virtue of the Stipulation, would be mitigated.

B. *The Debtor Lacks Equity in the Property*

19. The Debtor lacks equity in the wells and associated real and personal property at issue. The Trustee is informed that the Debtor's wells and other property are the subject of various regulatory demands, actions, and circumstances which render such interests incapable of generating meaningful economic value. Among the challenges of which the Trustee has been made aware, are lease cancellations, inactive operations, wells incapable of economic production, and inability or failure to produce in paying quantities that would exceed the associated liabilities. Moreover, the mounting regulatory and environmental liabilities, and associated costs of reclamation, eclipse any value the wells and related property could have to the estate and its creditors. The estate simply does not have the resources to address the issues required to revive, improve, and/or maintain any value of the wells and associated property.

C. *The Property is Not Necessary for Reorganization*

20. This Bankruptcy Case is a chapter 7 case and, as a result, a restructuring is not available to the Debtor or otherwise feasible under the facts and circumstances presented.

**REQUEST TO WAIVE THE STAY TO ENFORCE THE ORDER**

21. Given the regulatory pressures faced by the estate and the Non-Debtor Party, the Trustee and the Non-Debtor Party respectfully request that the stay arising under Bankruptcy Rule 4001(a)(3) be waived and the Order be immediately effective and enforceable upon its entry.

**CONCLUSION**

WHEREFORE PREMISES CONSIDERED, the Trustee prays that the Court (i) enter the form of Order attached as ***Exhibit 1*** to this Motion; (i) waive the stay under Bankruptcy Rule 4001(a)(3) and make such Order immediately effective and enforceable upon its entry; and (iii) grant the Trustee and the Non-Debtor Party such other relief as the Court deems just and proper.

DATED: August 19, 2025

Respectfully submitted,

**HAYWARD PLLC**

*/s/ Charlie Shelton*
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, TX 78757
Telephone: (737) 881-7100
Email: cshelton@haywardfirm.com

*Counsel for the Chapter 7 Trustee*

Stipulated and Agreed,

**HOLLAND & HART LLP**

*/s/ Matthew J. Ochs*
Matthew J. Ochs
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Telephone: (303) 295-8299
Email: mjochs@hollandhart.com

**HOLLAND & HART LLP**

*/s/ Robert Sutphin, Jr.*
Robert Sutphin, Jr.
110 North Guadalupe Street, Suite 1
Santa Fe, NM 87501
Telephone: (505) 954-7289
Email: rsutphin@hollandhart.com

*Attorneys for EOG Resources, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on August 19, 2025, a true and correct copy of the foregoing was served via CM/ECF to all parties requesting service thereby. Additionally, on August 19, 2025, or within one business day thereof, the foregoing was served via U.S. First Class Mail to the parties listed on the attached creditor's matrix.

```
Label Matrix for local noticing            Acacia Resources, LLC                     U.S. BANKRUPTCY COURT
0542-7                                     PO Box 1110                               903 San Jacinto Blvd, Suite 322
Case 24-70195-smr                          Ste. 303                                  Austin, TX 78701-2450
Western District of Texas                  Boerne, TX 78006-1110
Midland
Tue Aug 19 14:06:15 CDT 2025

Blue Cross Blue Shield                     Bureau of Land Management                 COG Operating LLC
P.O. Box 650615                            Roswell Field Office                      c/o ConocoPhillips Company
Dallas, TX 75265-0615                      2909 W 2nd Street                         P. O. Box 2197
                                           Roswell, NM 88201-1287                    Houston, TX 77252-2197


Central Valley Electric Cooperative, Inc.  Chisos, Ltd.                              Cibolo COG Operating LLC
P.O. Box 230                               c/o Holland & Hart LLP                    c/o Holland & Hart LLP 1
Lovington, NM 88260                        110 N Guadalupe St #1                     10 N Guadalupe St #1
                                           Santa Fe NM 87501-1849                    Santa Fe NM 87501


Cibolo Energy Resources                    Colorado Waterston Concho Oil & Gas LLC   Concho Oil & Gas LLC
P.O. Box 1110                              c/o Holland & Hart LLP                    c/o ConocoPhillips Company
Boerne, TX 78006-1110                      110 N Guadalupe St #1                     P. O. Box 2197
                                           Santa Fe NM 87501-1849                    Houston, TX 77252-2197


ConocoPhillips Company                     ConocoPhillips Company                    EP&S, LLC
P. O. Box 2197                             c/o Holland & Hart LLP                    P.O. Box 1468
Houston, TX 77252-2197                     110 N Guadalupe St #1                     Eunice, NM 88231-1468
                                           Santa Fe NM 87501-1849


Frontier Field Services, LLC               GSM Oilfield Services, Inc.               Guardian
10077 Grogan's Mill Rd., Ste. 300          P.O. Box 50790                            P.O. Box 981590
Spring, TX 77380-1032                      Amarillo, TX 79159-0790                   El Paso, TX 79998-1590


InSource Insurance Group, LLC              Independent Well Services                 Internal Revenue Service
901 W. Wall Street, Ste. 200               P.O. Box 557                              Centralized Insolvency Operation
Midland, TX 79701-6698                     Artesia, NM 88211-0557                    P. O. Box 7346
                                                                                     Philadelphia, PA 19101-7346


L & F Oilfield Services, LLC               Lea County Electric                       Marathon Oil Co.
49 Falcon Rd.                              1300 W. Avenue D                          c/o ConocoPhillips Company
Lovington, NM 88260-9760                   Lovington, NM 88260-3806                  P. O. Box 2197
                                                                                     Houston, TX 77252-2197


Marathon Oil Permian LLC                   Marquis R. Gilmore, Jr.                   Martindale Consulting
c/o ConocoPhillips Company                 1022 Fabra Street                         4100 Perimeter Center Dr., Ste. 300
P. O. Box 2197                             Boerne, Texas 78006                       Oklahoma City, OK 73112-2311
Houston, TX 77252-2197


NM Energy, Minerals, & Natural Resources Dep  New Mexico Department of Justice       New Mexico Land Office
1220 South St. Francis Dr.                 201 3rd St. NW, Suite 300                 P.O. Box 1148
Santa Fe, NM 87505-4226                    Albuquerque, NM 87102-3366                Santa Fe, NM 87504-1148
```

| | | |
|---|---|---|
| New Mexico Oil Conservation Division<br>1220 S. St. Francis Drive<br>Santa Fe, NM 87505-4225 | Office of Natural Resource Revenue<br>P.O. Box 25165, MS 64200B<br>Denver, CO 80225-0165 | Omega Automation, LLC<br>P.O. Box 769<br>Hobbs, NM 88241-0769 |
| Precision Pump & Supply<br>P.O. Box 115<br>Loco Hills, NM 88255-0115 | Q2 ARTIFICIAL LIFT SERVICES LLC<br>3611 E HWY 158<br>MIDLAND, TX 79706 | Q2 Artificial Lift<br>P.O. Box 206860<br>Dallas, TX 75320-6860 |
| Red Bird LP Gas Co., Inc.<br>P.O. Box 1291<br>Eunice, NM 88231-1291 | Robert Stitzel<br>4512 Cardinal Lane<br>Midland, TX 79707-2203 | Smith Welding<br>005 E. 17th St.<br>Roswell, NM 88201 |
| The Supply Store Inc.<br>132445 Lovington Highway<br>Loco Hills, NM 88255 | United States Trustee - MD12<br>US Trustee's Office<br>230 Homer Thornberry Judicial Bldg.<br>903 San Jacinto Blvd.<br>Austin, TX 78701-2450 | (p)EXXON MOBIL CORPORATION<br>ATTN MELISSA DENARD<br>22777 SPRINGWOODS VILLAGE PARKWAY<br>SPRING TX 77389-1425 |
| Brandon John Tittle<br>Tittle Law Firm, PLLC<br>1125 Legacy Dr.<br>Suite 230<br>Frisco, TX 75034-1942 | Ron Satija<br>PO Box 660208<br>Austin, TX 78766-7208 | Thomas M. Hnasko<br>Hinkle Shanor LLP<br>218 E. Montezuma Avenue<br>Santa Fe, NM 87501-2625 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

XTO Holdings, LLC
c/o Jason Wylie, Sr Counsel
Nature 1 Building-5A
22777 Springwoods Village Parkway
Spring, TX 77389

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Lea County Electric Cooperative

End of Label Matrix
Mailable recipients    44
Bypassed recipients     1
Total                  45