**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: December 22, 2025.**



_____
**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| ACACIA RESOURCES, LLC | 24-70195 (SMR) |
| Debtor. | |

### ORDER GRANTING MOTION TO ALTER OR AMEND ORDER

CAME ON for consideration the *Motion to Alter or Amend Order* (the "Motion") of Ron Satija, in his capacity as Chapter 7 trustee (the "Trustee"), the duly appointed and acting Trustee of the estate of the above-captioned debtor, seeking to modify the *Order (I) Approving Stipulation and (II) Granting Relief from the Automatic Stay under 11 U.S.C. § 362(d)* (Docket No. 42). The Court finds the Motion is well-founded and should be granted. Accordingly, it is ordered as follows:

1. The Motion is GRANTED; it is further

1

2. ORDERED that the Order attached hereto shall be docketed in replacement of *Order (I) Approving Stipulation and (II) Granting Relief from the Automatic Stay under 11 U.S.C. § 362(d)* (Docket No. 42); it is further

3. ORDERED that the Court retains jurisdiction regarding the interpretation and enforcement of this Order.

**# # # END OF ORDER # # #**

# Exhibit A to the Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| ACACIA RESOURCES, LLC | 24-70195 (SMR) |
| Debtor. | |

**ORDER (I) APPROVING STIPULATION AND (II) GRANTING RELIEF
FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)**

CAME ON FOR CONSIDERATION the *Motion for Entry of Order (I) Approving Stipulation and (II) Granting Relief from the Automatic Stay under 11 U.S.C. § 362(d)* (the "Motion") seeking approval of the stipulation (the "Stipulation") entered into between Ron Satija, in his capacity as Chapter 7 trustee (the "Trustee") of the estate of the above-captioned debtor, Acacia Resources, LLC (the "Debtor"), and ConocoPhillips Company, Concho Oil & Gas LLC, COG Operating LLC, Marathon Oil Co., and Marathon Oil Permian LLC (collectively, the "Non-Debtor Parties") and entry of an order pursuant to 11 U.S.C. § 362(d) granting the Non-Debtor Parties relief from the automatic stay pursuant to this Order; and notice having been adequate and appropriate under the circumstances; and this Court having determined that the legal and factual bases set forth in the Motion, and after due deliberation, establish just cause for the relief granted herein, it is:

ORDERED that the Motion is GRANTED and the Stipulation is APPROVED; and it is

1

further

ORDERED:

1. The automatic stay pursuant to 11 U.S.C. § 362(a), to the extent it is applicable, is hereby lifted solely to permit the Non-Debtor Parties to enter upon the oil and gas leases set forth on *Schedule 1* attached (as may be supplemented upon agreement between the Trustee and the Non-Debtor Parties), and perform any and all acts as may be necessary or appropriate respecting demands, orders, or obligations imposed by governmental regulatory authorities with jurisdiction over the Debtor's 's ownership and operation of oil and gas interests.

2. The Trustee, the Debtor (as directed by the Trustee), and the Non-Debtor Parties shall perform any other or further acts, and execute and deliver, including by electronic means (*e.g.*, any regulatory agency's online portal or other electronic platform), any other or further documents and instruments, including, but not limited to, regulatory forms and/or applications, transfer forms and/or applications, consents, recordings, and filings as may be necessary or appropriate to implement this Order.

3. Each and every federal, state, and local governmental agency or department, and any other person or entity, is hereby authorized to accept any and all documents and instruments in connection with or necessary and appropriate to implement this Order, subject to applicable non-bankruptcy law.

4. Except for the relief granted in this Order, and notwithstanding the Motion, the Stipulation, the relief granted in this Order, and any actions taken pursuant to this Order, nothing in this Order shall (a) be deemed an admission by the Non-Debtor Parties as to the existence or enforceability of any demand, order, obligation, or (b) create, or is intended to create any rights in favor of, or enhance the status of, any claim, right, defense, or interest held by any person or entity.

5. The Non-Debtor Parties are, with respect to the bankruptcy estate, released from any and all claims, demands, obligations, judgments, actions, causes of action, liens, indebtedness, and liabilities, known or unknown, in law or equity, for injuries, losses, or damages, of whatever kind or character, whether personal, property, economic, noneconomic, punitive, or consequential arising out of or in any way relating to any actions taken pursuant to this Order. Nothing in this Order shall be interpreted to release the Debtor or any other party from any reclamation, decommissioning, site clearance, and plugging and abandonment, or other operational requirement under applicable non-bankruptcy law and all parties reserve all non-bankruptcy related defenses and/or rights.

6. Neither the Non-Debtor Parties nor any of their affiliates, officers, directors, partners or any of their respective successors or assigns, as a result of any action taken in connection with implementation of this Order, shall be deemed to be a successor (or other such similarly situated party) to the Debtor, and the Non-Debtor Parties are not assuming any liability or obligation of the Debtor or the bankruptcy estate.

7. This Order does not waive or release the Non-Debtor Parties' right to assert one or more claims against the bankruptcy estate with respect to any pre- or post-petition obligations of the Debtor consistent with the relief granted herein, and all of the Non-Debtor Parties' rights and claims against the Debtor and the estate in this bankruptcy case are preserved.

8. The Non-Debtor Parties and their affiliates, agents, contractors, successors, assigns, and representatives are authorized and empowered, but not required, to take all actions necessary to implement the relief granted in this Order.

9. The stay requirement of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is waived and this Order is immediately effective and enforceable upon entry.

4

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation and enforcement of this Order.

5

**Schedule 1**

**Attached**

| API | WELL NAME | LEASE | LESSEE |
|---|---|---|---|
| 30-015-24973 | FINA STATE #001 | VB-0405-3 | CONCHO OIL & GAS LLC & COG OPERATING LLC |
| 30-005-01079 | WEST CAP QUEEN SAND UNIT # 12 | E0-3277-0 | CONOCOPHILLIPS COMPANY |
| 30-015-36131 | SOUTH RED LAKE II UNIT #59 | B1-1538-17 | CONOCOPHILLIPS COMPANY |
| 30-015-00653 | SOUTH RED LAKE II UNIT #1 | B1-1538-17 | CONOCOPHILLIPS COMPANY |
| 30-015-0678 | SOUTH RED LAKE II UNIT #20 | B1-1538-17 | CONOCOPHILLIPS COMPANY |
| 30-015-04019 | NORTH RED LAKE II UNIT #117 | B0-2884-3 | CONOCOPHILLIPS COMPANY |
| 30-005-01034 | DRICKEY QUEEN SAND UNIT #37 | NMLC070337 | CONOCOPHILLIPS COMPANY |
| 30-005-01035 | DRICKEY QUEEN SAND UNIT #35 | NMLC070337 | CONOCOPHILLIPS COMPANY |
| 30-005-01036 | DRICKEY QUEEN SAND UNIT #36 | NMLC070337 | CONOCOPHILLIPS COMPANY |
| 30-005-01037 | DRICKEY QUEEN SAND UNIT #38 | NMLC070337 | CONOCOPHILLIPS COMPANY |
| 30-005-01090 | WEST CAP QUEEN SAND UNIT #7 | NMNM03210 | CONOCOPHILLIPS COMPANY |
| 30-005-01091 | WEST CAP QUEEN SAND UNIT #8 | NMNM03210 | CONOCOPHILLIPS COMPANY |
| 30-005-01094 | WEST CAP QUEEN SAND UNIT #3 | NMNM03210 | CONOCOPHILLIPS COMPANY |
| 30-005-01095 | WEST CAP QUEEN SAND UNIT #9 | NMNM03210 | CONOCOPHILLIPS COMPANY |
| 30-005-01099 | WEST CAP QUEEN SAND UNIT #6 | NMNM03210 | CONOCOPHILLIPS COMPANY |
| 30-005-01092 | WEST CAP QUEEN SAND UNIT #4 | NMNM03210 | CONOCOPHILLIPS COMPANY |
| 30-015-10160 | BARTON A FED | NMLC 070242-A | CONOCOPHILLIPS COMPANY |
| 30-015-05783 | JONES FEDERAL #2 | NMNM 107697 | CONOCOPHILLIPS COMPANY |
| 30-015-05782 | JONES FEDERAL #3 | NMNM 107697 | CONOCOPHILLIPS COMPANY |
| 30-015-05786 | OHIO JONES FEDERAL | NMNM 107697 | CONOCOPHILLIPS COMPANY |
| 30-025-32021 | NEWMAN 32 STATE #1 | V0-0326 | MARATHON OIL CO. |
| 30-025-37170 | NEWMAN 32 STATE #2 | V0-0326 | MARATHON OIL CO. |
| 30-025-37524 | BRIGHT 2 STATE COM #1 | E0-7183-0008 | MARATHON OIL PERMIAN LLC |