**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| ACACIA RESOURCES, LLC | 24-70195 (SMR) |
| Debtor. | |

## MOTION FOR ENTRY OF ORDER (I) APPROVING STIPULATION AND (II) GRANTING RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)

COMES NOW Ron Satija, in his capacity as Chapter 7 trustee (the "Trustee"), the duly appointed and acting Trustee of the estate of the above-captioned debtor, Acacia Resources, LLC (the "Debtor"), and hereby files this *Motion for Entry of Order (I) Approving Stipulation and (II) Granting Relief from the Automatic Stay under 11 U.S.C. § 362(d)* (the "Motion"), and in support states as follows:

### RELIEF REQUESTED

The Trustee seeks entry of an order substantially in the form attached to this Motion (the "Order") (i) approving the stipulation (the "Stipulation") between the Trustee and Chevron U.S.A. Inc. and Chevron Midcontinent, L.P. (collectively, the "Non-Debtor Parties") set forth below, and, *inter alia*, granting the Non-Debtor Parties relief from the automatic stay for the purpose of entering upon the oil and gas leases set forth on "Schedule 1" to the Order (as may be supplemented upon agreement between the Trustee and the Non-Debtor Parties), and performing any and all acts as may be necessary or appropriate respecting demands, orders, or obligations imposed by governmental regulatory authorities with jurisdiction over the Debtor's ownership and operation of oil and gas interests.

1

**JURISDICTION AND VENUE**

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the *Order of Reference of Bankruptcy Cases and Proceedings* from the United States District Court for the Western District of Texas dated October 4, 2013.

2.       The matter before the Court is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (G).

3.       Venue is proper by virtue of 28 U.S.C. §§ 1408 and 1409.

4.       The bases for relief are Section 362 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 4001-1.

**BACKGROUND**

*A.       The Bankruptcy Cases*

5.       On December 27, 2024 ("Petition Date"), the Debtor commenced the above-captioned bankruptcy case (this "Bankruptcy Case") by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

6.       Also on December 27, 2024, Acacia Operating Company, LLC commenced Case No. 24-70194 (SMR) by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

7.       The Trustee is the duly appointed chapter 7 trustee of the Debtor's bankruptcy estate in this Bankruptcy Case and of the bankruptcy estate in the companion case filed by Acacia Operating Company, LLC.

### B. The Debtor's Operations

8.      Prior to the Petition Date, the Debtor was a private oil and gas operating company engaged in the acquisition, ownership, development, and/or production of oil and natural gas, and operation of oil and gas interests.

9.      The Debtor purchased its oil and gas interests out of the bankruptcy case filed by Remnant Oil Company, LLC ("Remnant Oil") in this Court's Midland Division, Case No. 19-70106, pursuant to the *Amended Order Granting Motion of Ronald Ingalls, Chapter 7 Trustee to Sell Real Property Free and Clear of Liens, Claims, Interests and Encumbrances (Oil and Gas Interests)* entered June 30, 2020 [Docket No. 452] (the "Remnant Sale Order"). Remnant Oil acquired its interests from certain non-debtor parties, as discussed below.

10.      The Debtor's operations were (and remain) subject to demands, orders, or obligations imposed by governmental regulatory authorities with jurisdiction over the Debtor's ownership and operation of oil and gas interests, including the New Mexico State Land Office (the "SLO"), the Bureau of Land Management ("BLM"), and the New Mexico Oil Conservation Division (the "OCD").

### C. The Non-Debtor Parties

11.      Certain non-debtor parties, including the Non-Debtor Parties, are lessees of record with the SLO and/or BLM on various leases containing wells owned and operated by the Debtor pre-petition, and where the Debtor is recognized by OCD as the "operator of record" .

12.      In some instances, the records with SLO, BLM, and/or OCD do not recognize the Debtor as the lessee or the owner and/or operator of record, even though it actively owned and operated the oil and gas interests it purchased from Remnant Oil pursuant to the Remnant Sale Order.

### D.  *Regulatory Matters*

13.  The Debtor failed to perform myriad of its regulatory obligations imposed by SLO, BLM, and/or OCD prior to the Petition Date, and such obligations remain unperformed.

14.  As a result, the regulatory agencies are looking to the Non-Debtor Parties to perform certain work associated with the Debtor's ownership and operation of its oil and gas interests including, for example, plugging and abandonment of wells, remediation of spills, leaks, and discharges, removal of roads and power lines, removal of abandoned equipment, and other regulatory compliance activities.

## THE STIPULATION

15.  The Trustee seeks approval of the Stipulation and entry of the Order granting the Non-Debtor Parties relief from the automatic stay for the purposes set forth below and in the Order. In addition to other terms and conditions set forth in the form of Order, the Trustee and the Non-Debtor Parties stipulate and agree as follows:

(a)  The automatic stay pursuant to Section 362 of the Bankruptcy Code, to the extent it is applicable, shall be lifted to permit the Non-Debtor Parties to access and enter upon certain oil and gas leases, and perform any and all acts as may be necessary or appropriate respecting demands, orders, or obligations imposed by governmental regulatory authorities with jurisdiction over Debtor's ownership and operation of oil and gas interests. Without limiting the right or authority of any regulatory agency or altering any requirements necessary to obtain a grant of access over Federal or state land, the Non-Debtor Parties shall be given access across any privately owned land as may be reasonably necessary to enter upon the oil and gas leases.

(b)  The Trustee, the Debtor (as directed by the Trustee), and the Non-Debtor Parties shall perform any other or further acts, and execute and deliver, including by electronic means (*e.g.*, any regulatory agency's online portal or other electronic platform), any other or further documents and instruments, including, but not limited to, regulatory forms and/or applications, transfer forms and/or applications, consents, recordings, filings, and such documents required by the Non-Debtor Parties to allow them to access the oil and gas interests, as may be necessary or appropriate to implement the Order.

(c)  Nothing shall (i) be deemed an admission by the Non-Debtor Parties as to the existence or enforceability of any demand, order, obligation, or (ii) create, or is

intended to create any rights in favor of, or enhance the status of, any claim, right, defense, or interest held by any person or entity.

(d)     The Non-Debtor Parties are, with respect to the bankruptcy estate, released from any and all claims, demands, obligations, judgments, actions, causes of action, liens, indebtedness, and liabilities, known or unknown, in law or equity, for injuries, losses, or damages, of whatever kind or character, whether personal, property, economic, noneconomic, punitive, or consequential arising out of or in any way relating to any actions taken pursuant to the Order.

(e)     Neither the Non-Debtor Parties nor any of their affiliates, officers, directors, partners or any of their respective successors or assigns, as a result of any action taken in connection with implementation of the Order, shall be deemed to be a successor (or other such similarly situated party) to the Debtor, and the Non-Debtor Parties are not assuming any liability or obligation of the Debtor or the bankruptcy estate.

(f)     The Non-Debtor Parties' right to assert one or more claims against the bankruptcy estate with respect to any pre- or post-petition obligations of the Debtor consistent with the relief granted herein is not waived or released, and all of the Non-Debtor Parties' rights and claims against the Debtor and the estate in this bankruptcy case, including with respect to the Non-Debtor Parties' right to seek allowance of administrative expense claims, are reserved and preserved.

(g)     The Non-Debtor Parties and their affiliates, agents, contractors, successors, assigns, and representatives are authorized and empowered, but not required, to take all actions necessary to implement the relief granted in this Order.

## **<u>BASIS FOR RELIEF</u>**

16.     Section 362(d) of the Bankruptcy Code provides that the Court shall grant

relief from the stay –

(1)     for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2)     with respect to a stay of an act against property under subsection (a) of this section, if –

(A)     the debtor does not have an equity in such property; and

(B)     such property is not necessary to an effective reorganization.

### A.      *Cause Exists to Grant Relief From the Stay*

17.      The Debtor remains subject to demands, orders, and obligations imposed by governmental regulatory authorities, including the SLO, the BLM, and the OCD. However, the Debtor's failure to comply with those directives is causing immediate harm to the Non-Debtor Parties because, in the absence of the Debtor's performance, the agencies look to the lessees and owners and/or operators of record to satisfy the Debtor's obligations. Nevertheless, the Debtor's interests in the wells and associated real and personal property at issue remain property of the bankruptcy estate under Section 541 of the Bankruptcy Code, thus potentially inhibiting the Non-Debtor Parties' ability to perform certain acts as may be necessary or appropriate respecting demands, orders, or obligations imposed by governmental regulatory authorities with jurisdiction over Debtor's ownership and operation of oil and gas interests.

18.      In addition, amounts being assessed by the regulatory agencies for the Debtor's failure to fulfill its regulatory obligations is potentially imposing post-petition liabilities against the Debtor's estate, which by virtue of the Stipulation, would be mitigated.

### B.      *The Debtor Lacks Equity in the Property*

19.      The Debtor lacks equity in the wells and associated real and personal property at issue. The Trustee is informed that the Debtor's wells and other property are the subject of various regulatory demands, actions, and circumstances which render such interests incapable of generating meaningful economic value. Among the challenges of which the Trustee has been made aware, are lease cancellations, inactive operations, wells incapable of economic production, and inability or failure to produce in paying quantities that would exceed the associated liabilities. Moreover, the mounting regulatory and environmental liabilities, and associated costs of reclamation, eclipse any value the wells and related property could have to the estate and its

creditors. The estate simply does not have the resources to address the issues required to revive, improve, and/or maintain any value of the wells and associated property.

### C.     The Property is Not Necessary for Reorganization

20.     This Bankruptcy Case is a chapter 7 case and, as a result, a restructuring is not available to the Debtor or otherwise feasible under the facts and circumstances presented.

## REQUEST TO WAIVE THE STAY TO ENFORCE THE ORDER

21.     Given the regulatory pressures faced by the estate and the Non-Debtor Parties, the Trustee and the Non-Debtor Parties respectfully request that the stay arising under Bankruptcy Rule 4001(a)(3) be waived and the Order be immediately effective and enforceable upon its entry.

## CONCLUSION

WHEREFORE PREMISES CONSIDERED, the Trustee prays that the Court (i) enter the form of Order attached to this Motion; (i) waive the stay under Bankruptcy Rule 4001(a)(3) and make such Order immediately effective and enforceable upon its entry; and (iii) grant the Trustee and the Non-Debtor Parties such other relief as the Court deems just and proper.

DATED: February 23, 2026

Respectfully submitted,

**HAYWARD PLLC**

*/s/ Ron Satija*
Ron Satija
Texas State Bar No. 24039158
Charlie Shelton
Texas State Bar No. 24079317
7600 Burnet Road, Suite 530
Austin, TX 78757
Telephone: (737) 881-7100
cshelton@haywardfirm.com
rsatija@haywardfirm.com

***Counsel for the Chapter 7 Trustee***

Stipulated and Agreed,

**HOLLAND & HART LLP**

*/s/ Matthew J. Ochs*
Matthew J. Ochs
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Telephone: (303) 295-8299
Email: mjochs@hollandhart.com

**HOLLAND & HART LLP**

*/s/ Robert Sutphin, Jr.*
Robert Sutphin, Jr.
110 North Guadalupe Street, Suite 1
Santa Fe, NM 87501
Telephone: (505) 954-7289
Email: rsutphin@hollandhart.com

***Attorneys for Chevron U.S.A. Inc. and
Chevron Midcontinent, L.P.***

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on February 23, 2026, a true and correct copy of the foregoing was served via CM/ECF to all parties requesting service thereby. Additionally, on February 3, 2026, the Trustee inadvertently did not attach the creditor matrix to the Motion filed at Docket No. 74 but did serve via U.S. First Class Mail to the attached creditor matrix. Additionally, this refiled Motion (Relates to Docket No. 74) has no changes within the Motion and the Proposed Order was amended to include the signature blocks.

*/s/ Ron Satija*
Ron Satija

Label Matrix for local noticing
0542-7
Case 24-70195-smr
Western District of Texas
Midland
Mon Feb 23 16:09:14 CST 2026

Acacia Resources, LLC
PO Box 1110
Ste. 303
Boerne, TX 78006-1110

U.S. BANKRUPTCY COURT
903 San Jacinto Blvd, Suite 322
Austin, TX 78701-2450

Blue Cross Blue Shield
P.O. Box 650615
Dallas, TX 75265-0615

Bureau of Land Management
Roswell Field Office
2909 W 2nd Street
Roswell, NM 88201-1287

COG Operating LLC
c/o ConocoPhillips Company
P. O. Box 2197
Houston, TX 77252-2197

Central Valley Electric Cooperative, Inc.
P.O. Box 230
Lovington, NM 88260

Chisos, Ltd.
c/o Holland & Hart LLP
110 N Guadalupe St #1
Santa Fe NM 87501-1849

Cibolo COG Operating LLC
c/o Holland & Hart LLP 1
10 N Guadalupe St #1
Santa Fe NM 87501

Cibolo Energy Resources
P.O. Box 1110
Boerne, TX 78006-1110

Colorado Waterston Concho Oil & Gas LLC
c/o Holland & Hart LLP
110 N Guadalupe St #1
Santa Fe NM 87501-1849

Concho Oil & Gas LLC
c/o ConocoPhillips Company
P. O. Box 2197
Houston, TX 77252-2197

ConocoPhillips Company
P. O. Box 2197
Houston, TX 77252-2197

ConocoPhillips Company
c/o Holland & Hart LLP
110 N Guadalupe St #1
Santa Fe NM 87501-1849

EP&S, LLC
P.O. Box 1468
Eunice, NM 88231-1468

Frontier Field Services, LLC
10077 Grogan's Mill Rd., Ste. 300
Spring, TX 77380-1032

GSM Oilfield Services, Inc.
P.O. Box 50790
Amarillo, TX 79159-0790

Guardian
P.O. Box 981590
El Paso, TX 79998-1590

InSource Insurance Group, LLC
901 W. Wall Street, Ste. 200
Midland, TX 79701-6698

Independent Well Services
P.O. Box 557
Artesia, NM 88211-0557

Internal Revenue Service
Centralized Insolvency Operation
P. O. Box 7346
Philadelphia, PA 19101-7346

L & F Oilfield Services, LLC
49 Falcon Rd.
Lovington, NM 88260-9760

Lea County Electric
1300 W. Avenue D
Lovington, NM 88260-3806

Marathon Oil Co.
c/o ConocoPhillips Company
P. O. Box 2197
Houston, TX 77252-2197

Marathon Oil Permian LLC
c/o ConocoPhillips Company
P. O. Box 2197
Houston, TX 77252-2197

Marquis R. Gilmore, Jr.
1022 Fabra Street
Boerne, Texas 78006

Martindale Consulting
4100 Perimeter Center Dr., Ste. 300
Oklahoma City, OK 73112-2311

NM Energy, Minerals, & Natural Resources Dep
1220 South St. Francis Dr.
Santa Fe, NM 87505-4226

New Mexico Department of Justice
201 3rd St. NW, Suite 300
Albuquerque, NM 87102-3366

New Mexico Land Office
P.O. Box 1148
Santa Fe, NM 87504-1148

New Mexico Oil Conservation Division
1220 S. St. Francis Drive
Santa Fe, NM 87505-4225

Office of Natural Resource Revenue
P.O. Box 25165, MS 64200B
Denver, CO 80225-0165

Omega Automation, LLC
P.O. Box 769
Hobbs, NM 88241-0769

Precision Pump & Supply
P.O. Box 115
Loco Hills, NM 88255-0115

Q2 ARTIFICIAL LIFT SERVICES LLC
3611 E HWY 158
MIDLAND, TX 79706

Q2 Artificial Lift
P.O. Box 206860
Dallas, TX 75320-6860

Red Bird LP Gas Co., Inc.
P.O. Box 1291
Eunice, NM 88231-1291

Robert Stitzel
4512 Cardinal Lane
Midland, TX 79707-2203

Smith Welding
005 E. 17th St.
Roswell, NM 88201

The Supply Store Inc.
132445 Lovington Highway
Loco Hills, NM 88255

United States Trustee - MD12
US Trustee's Office
230 Homer Thornberry Judicial Bldg.
903 San Jacinto Blvd.
Austin, TX 78701-2450

(p)EXXON MOBIL CORPORATION
ATTN MELISSA DENARD
22777 SPRINGWOODS VILLAGE PARKWAY
SPRING TX 77389-1425

Brandon John Tittle
Tittle Law Firm, PLLC
13155 Noel Drive
Suite 900
Dallas, TX 75240-6882

Ron Satija
PO Box 660208
Austin, TX 78766-7208

Thomas M. Hnasko
Hinkle Shanor LLP
218 E. Montezuma Avenue
Santa Fe, NM 87501-2625

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

XTO Holdings, LLC
c/o Jason Wylie, Sr Counsel
Nature 1 Building-5A
22777 Springwoods Village Parkway
Spring, TX 77389

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Lea County Electric Cooperative

End of Label Matrix
Mailable recipients     44
Bypassed recipients      1
Total                   45

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| ACACIA RESOURCES, LLC | 24-70195 (SMR) |
| Debtor. | |

**ORDER (I) APPROVING STIPULATION AND (II) GRANTING RELIEF
FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)**

CAME ON FOR CONSIDERATION the *Motion for Entry of Order (I) Approving Stipulation and (II) Granting Relief from the Automatic Stay under 11 U.S.C. § 362(d)* (the "Motion") seeking approval of the stipulation (the "Stipulation") entered into between Ron Satija, in his capacity as Chapter 7 trustee (the "Trustee") of the estate of the above-captioned debtor, Acacia Resources, LLC (the "Debtor"), and Chevron U.S.A. Inc. and Chevron Midcontinent, L.P. (collectively, the "Non-Debtor Parties") and entry of an order pursuant to 11 U.S.C. § 362(d) granting the Non-Debtor Parties relief from the automatic stay pursuant to this Order; and notice having been adequate and appropriate under the circumstances; and this Court having determined that the legal and factual bases set forth in the Motion, and after due deliberation, establish just

1

cause for the relief granted herein, it is:

ORDERED that the Motion is GRANTED and the Stipulation is APPROVED; and it is further

ORDERED:

1.      The automatic stay pursuant to 11 U.S.C. § 362(a), to the extent it is applicable, is hereby lifted solely to permit the Non-Debtor Parties to access and enter upon the oil and gas leases set forth on *Schedule 1* attached (as may be supplemented upon agreement between the Trustee and the Non-Debtor Parties), and perform any and all acts as may be necessary or appropriate respecting demands, orders, or obligations imposed by governmental regulatory authorities with jurisdiction over the Debtor's  ownership and operation of oil and gas interests. Without limiting the right or authority of any regulatory agency or altering any requirements necessary to obtain a grant of access over Federal or state land, the Non-Debtor Parties shall be given access across any privately owned land as may be reasonably necessary to enter upon the oil and gas leases.

2.      The Trustee, the Debtor (as directed by the Trustee), and the Non-Debtor Parties shall perform any other or further acts, and execute and deliver, including by electronic means (*e.g.*, any regulatory agency's online portal or other electronic platform), any other or further documents and instruments, including, but not limited to, regulatory forms and/or applications, transfer forms and/or applications, consents, recordings, filings, and such documents required by the Non-Debtor Parties to allow them to access the oil and gas interests, as may be necessary or appropriate to implement this Order.

3.      Each and every federal, state, and local governmental agency or department, and any other person or entity, is hereby authorized to accept any and all documents and instruments

in connection with or necessary and appropriate to implement this Order, subject to applicable non-bankruptcy law.

4.      Except for the relief granted in this Order, and notwithstanding the Motion, the Stipulation, the relief granted in this Order, and any actions taken pursuant to this Order, nothing in this Order shall (a) be deemed an admission by the Non-Debtor Parties as to the existence or enforceability of any demand, order, obligation, or (b) create, or is intended to create any rights in favor of, or enhance the status of, any claim, right, defense, or interest held by any person or entity.

5.      The Non-Debtor Parties are, with respect to the bankruptcy estate, released from any and all claims, demands, obligations, judgments, actions, causes of action, liens, indebtedness, and liabilities, known or unknown, in law or equity, for injuries, losses, or damages, of whatever kind or character, whether personal, property, economic, noneconomic, punitive, or consequential arising out of or in any way relating to any actions taken pursuant to this Order. Nothing in this Order shall be interpreted to release the Debtor or any other party from any reclamation, decommissioning, site clearance, and plugging and abandonment, or other operational requirement under applicable non-bankruptcy law and all parties reserve all non-bankruptcy related defenses and/or rights.

6.      Neither the Non-Debtor Parties nor any of their affiliates, officers, directors, partners or any of their respective successors or assigns, as a result of any action taken in connection with implementation of this Order, shall be deemed to be a successor (or other such similarly situated party) to the Debtor, and the Non-Debtor Parties are not assuming any liability or obligation of the Debtor or the bankruptcy estate.

7.      This Order does not waive or release the Non-Debtor Parties' right to assert one or more claims against the bankruptcy estate with respect to any pre- or post-petition obligations of

the Debtor consistent with the relief granted herein, and all of the Non-Debtor Parties' rights and claims against the Debtor and the estate in this bankruptcy case, including with respect to the Non-Debtor Parties' right to seek allowance of administrative expense claims,  are reserved and preserved.

8.      The Non-Debtor Parties and their affiliates, agents, contractors, successors, assigns, and representatives are authorized and empowered, but not required, to take all actions necessary to implement the relief granted in this Order.

9.      The stay requirement of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, to the extent applicable, is waived and this Order is immediately effective and enforceable upon entry.

10.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation and enforcement of this Order.

**# # # END OF ORDER # # #**

**Stipulated and Agreed By:**

*/s/ Ron Satija*
Ron Satija
Texas State Bar No. 24039158
**HAYWARD PLLC**
7600 Burnet Road, Suite 530
Austin, Texas 78757
737-881-7100 (Phone/Fax)
rsatija@haywardfirm.com

***Counsel for the Chapter 7 Trustee***

-and

**HOLLAND & HART LLP**
*/s/ Matthew J. Ochs*
Matthew J. Ochs
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Telephone: (303) 295-8299
Email: mjochs@hollandhart.com

*/s/ Robert Sutphin, Jr.*
Robert Sutphin, Jr.
110 North Guadalupe Street, Suite 1
Santa Fe, NM 87501
Telephone: (505) 954-7289
Email: rsutphin@hollandhart.com

***Attorneys for Chevron U.S.A. Inc.***
***and Chevron Midcontinent, L.P.***

## Schedule 1

| API | WELL NAME | LEASE | LESSEE |
|---|---|---|---|
| 30-005-01097 | WEST CAP QUEEN SAND UNIT - #005 | B1-0419-0096 | CHEVRON U.S.A. INC. |
| 30-005-01099 | WEST CAP QUEEN SAND UNIT - #006 | B1-0419-0096 | CHEVRON U.S.A. INC. |
| 30-005-29156 | ROCK QUEEN UNIT - #311 | E0-5663-0000 | CHEVRON U.S.A. INC. |
| 30-005-00844 | ROCK QUEEN UNIT - #011 | E0-5663-0000 | CHEVRON U.S.A. INC. |
| 30-005-00868 | ROCK QUEEN UNIT - #048 | E0-5758-0000 | CHEVRON U.S.A. INC. |
| 30-005-00869 | ROCK QUEEN UNIT - #047 | E0-5758-0000 | CHEVRON U.S.A. INC. |
| 30-005-00830 | ROCK QUEEN UNIT - #020 | E0-7659-0000 | CHEVRON U.S.A. INC. |
| 30-005-29150 | ROCK QUEEN UNIT - #306 | E0-7659-0000 | CHEVRON U.S.A. INC. |
| 30-005-29158 | ROCK QUEEN UNIT - #308 | E0-7659-0000 | CHEVRON U.S.A. INC. |
| 30-005-29154 | ROCK QUEEN UNIT - #309 | E0-7659-0000 | CHEVRON U.S.A. INC. |
| 30-005-00825 | ROCK QUEEN UNIT - #021 | E0-7659-0000 | CHEVRON U.S.A. INC. |
| 30-005-00867 | ROCK QUEEN UNIT - #041 | E0-7659-0000 | CHEVRON U.S.A. INC. |
| 30-005-00891 | ROCK QUEEN UNIT - #030 | NMNM105417853 (LEGACY #NMNM 02509) | CHEVRON U.S.A. INC. |
| 30-005-20661 | DALPORT FEDERAL #001 | NMNM105557844 (LEGACY #NMNM 17432) | ACACIA RESOURCES LLC |
| 30-005-20725 | FRIEND FEDERAL #001 | NMNM105555156 (LEGACY #NMNM 17594) | ACACIA RESOURCES LLC |
| 30-005-21098 | APACHE FEDERAL COM #001 | NMNM105555156 (LEGACY #NMNM 17594) | ACACIA RESOURCES LLC |