**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | **Case No. 24-70195** |
| **ACACIA RESOURCES, LLC** | § | |
| | § | **Chapter 7** |
| **Debtor.** | § | |

**MOTION PURSUANT TO BANKRUPTCY RULE 9019 FOR ENTRY OF ORDER**
**APPROVING SETTLEMENT BETWEEN THE CHAPTER 7 TRUSTEE**
**AND THE NEW ERA DEFENDANTS**

COME NOW Ron Satija, the Chapter 7 Trustee for the bankruptcy estate of the above-captioned debtor (the "Trustee") and hereby files this motion pursuant to FRBP 9019 seeking to compromise a case or controversy with Everett Willard Gray II; Solis Partners, LLC; Pecos Slope Holdings, LLC; New Era Energy & Digital, Inc.; First Gray Corporation; and WS Oil and Gas, Ltd. (collectively, the "New Era Defendants" and together with the Trustee, "the Parties").[1] The Trustee seeks the Court's approval of the attached Settlement Agreement, which will lead to a six hundred fifty thousand dollar ($650,000) recovery for the Acacia Resources, LLC bankruptcy estate (24-70194) (no funds will be paid to Acacia Operating Company, LLC) and the release or limitation of both estates from significant potential environmental and regulatory liabilities. In support of the Motion, the Parties would respectfully show as follows:

## I.    JURISDICTION

1.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, and this Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

---

[1] The Trustee is filing a nearly identical motion in *In re Acacia Resources, LLC*, No. 24-70195-SMR.

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are 11 U.S.C. §§ 105(a), 362(a) and Bankruptcy Rule 9019.

## II. BACKGROUND

3. On December 27, 2024, Acacia Operating Company, LLC and Acacia Resources, LLC (the "Debtors") each filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code and the cases are not jointly administered. On or about the same date, Ron Satija was appointed as the Chapter 7 Trustee.

4. The primary assets of the Debtors' estates include oil and gas leases, wells, and mineral rights located in New Mexico, which are regulated under State law, which requires, *inter alia*, the Debtors to plug inactive wells, remediate the soil, and restore the land that has allegedly been contaminated by the Debtors. Further, the State of New Mexico has asserted that under the United States Supreme Court precedent set in *Midlantic*,[2] the Trustee cannot abandon these assets as burdensome because it is his duty to comply with all environmental obligations required by State law. Assuming that New Mexico's position is correct, the Trustee would be unable to satisfy the requirements because the estates lack sufficient resources.

5. As such, New Mexico asserts that if the bankruptcy estate fails to obtain the funds to meet its environmental obligations, New Mexico will soon be forced to plug the Debtors' wells on State and private land at an anticipated average cost to the State of $163,000 per well. In addition to plugging wells, the Debtors are allegedly responsible for restoring and remediating

---

[2] *Midlantic Nat'l Bank v. New Jersey Dept. of Environmental Protection*, 474 U.S. 494 (1986) (holding that a trustee cannot abandon environmentally contaminated property in contravention of state laws designed to protect human health, safety, or the environment).

well sites and production facilities. The cost for this restoration and remediation would range from a minimum of $50,000 per well to millions of dollars where contamination from tank batteries and production facilities exists.

6.     New Mexico has asserted that if the Debtors do not find the funds to fulfill these environmental obligations, the State will be forced to restore and remediate these lands, which will likely lead to an administrative expense claim in the bankruptcy for any money expended in plugging and remediation of the Debtor's assets.

7.     On December 23, 2025, New Mexico filed a complaint in the First Judicial District Court for the County of Santa Fe, New Mexico, Case Number D-101-CV-2025-03283 asserting causes of action against the Debtors for failing to plug wells, remediate the soil, and restore the land. Further, New Mexico asserted numerous causes of action against the New Era Defendants (among others). In particular, New Mexico asserted a claim against the New Era Defendants under the Uniform Voidable Transactions Act ("UVTA") to recover the value of assets that were transferred out of the Debtors' well portfolio in exchange for allegedly inadequate consideration. However, because of bankruptcy, the UVTA and related claims are property of the bankruptcy estates.

8.     As set forth in the attached Settlement Agreement, the Trustee has reached a separate agreement with the New Era Defendants whereby the New Era Defendants will pay a total of one million dollars ($1,000,000) but, pursuant to a related agreement between New Mexico and the Trustee, only $650,000 will be paid to the Trustee. Further, the Trustee believes the $650,000 should be allocated to the estate for Acacia Resources, LLC and not the estate for Acacia Operating Company, LLC because, on information and belief, the wells that were transferred for allegedly less than reasonably equivalent value were transferred from Acacia Resources, LLC and

not Acacia Operating Company, LLC.

9. The 9019 seeking approval of the settlement with New Mexico is being filed contemporaneously herewith.

### III. SUMMARY OF THE SETTLEMENT AGREEMENT

10. The Settlement Agreement, executed to be effective as of May 19, 2026, resolves the Trustee's claims that are implicated by New Mexico's lawsuit. The Trustee is proposing to settle with the above-defined New Era Defendants in exchange for a lump-sum Settlement Payment of $1,000,000 within five business days of such approval. As set forth above, pursuant to a related agreement between New Mexico and the Trustee, only $650,000 will be paid to the Trustee and the Trustee proposes that the full $650,000 should be allocated to the estate for Acacia Resources, LLC. In consideration for this payment, the Trustee will take all actions necessary to dismiss the Trustee's claims against the New Era Defendants with prejudice within five business days of receipt, and will provide a comprehensive release of the New Era Defendants and their related parties from any and all claims owned or controlled by both Acacia Operating Company, LLC and Acacia Resources, LLC's bankruptcy estates arising out of or relating to the New Mexico state court complaint and causes of action. The Settlement Agreement represents a compromise of disputed claims without any admission of liability or wrongdoing, and each Party has agreed to bear its own costs, expenses, and attorneys' fees associated with the negotiation and implementation of the settlement.

### IV. ARGUMENT & AUTHORITIES TO APPROVE THE SETTLEMENT AS BEING FAIR AND EQUITABLE

11. The Trustee seeks entry of an order approving the attached Settlement Agreement.

12. The merits of a proposed compromise should be judged under the criteria set forth

in *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980).

13.     The compromise must be "fair, equitable and in the best interest of the estate[,]" and a comparison of the settlement terms against the "likely rewards of litigation" must be made. *Id*.

14.     In determining whether a proposed compromise is fair and equitable, a Court should consider the following factors:

   a.     The probability of success in the litigation, with due consideration for the uncertainty in fact and law;

   b.     The complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and;

   c.     All other factors bearing on the wisdom of the compromise. *Id*.

   d.     In considering the third factor, the Fifth Circuit states that courts should consider 1. "the best interests of the creditors, 'with proper deference to their reasonable views'" and 2. "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Cadle Co. v. Mims* (*In re Moore*), 608 F.3d 253, 263 (5th Cir 2010).

15.     In deciding whether to accept a compromise, a trustee is required to reach an informed judgment, after diligent investigation, as to whether it is prudent to eliminate the inherent risks, delays, and expense of prolonged litigation. *Cook v. Waldron*, 2006 U.S. Dist. LEXIS 31411 (S.D. Tex., April 18, 2006); *In re Josiahs Trucking, LLC*, 2025 Bankr. LEXIS 1857 at *9 (Bankr. S.D. Tex., Aug. 4, 2025); *LeBlanc v. Salem* (*In re Mailman Steam Carpet Cleaning Corp.*), 212 F.3d 632 (1st Cir. 2000).

16.     Further, a court is not to substitute its own judgment for that of the trustee, but rather the court should "canvass the issues" and determine whether the settlement "falls below the lowest point in the range of reasonableness." *Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d

599, 609 (2d Cir. 1983); *see also In re Idearc, Inc.*, 423 B.R. 138, 182 (Bankr. N.D. Tex. 2009).

17.     The Settlement Agreement should be approved under the factors set forth above.

18.     First, the Trustee has considered the evidence of which he is aware as well as defenses raised by the New Era Defendants and he believes that while a suit against the New Era Defendants may be successful, the New Era Defendants also have robust defenses and arguments regarding reasonably equivalent value. Accordingly, a recovery against New Era is uncertain.

19.     Second, it would be prohibitively expensive for the Trustee to prosecute the litigation against the New Era Defendants, especially considering that the bankruptcy estate does not have sufficient funds to do so. Additionally, any such suit would likely take years to resolve.

20.     Third, the thrust of the instant settlement is that New Era pays $1,000,000 of which $650,000 goes to the Acacia Resources estate and $350,000 to the State of New Mexico. Additionally, due to the separate agreement with New Mexico, filed contemporaneously herewith, both Acacia Resources and Acacia Operating are being released from liability for penalties and violations under New Mexico's Oil & Gas Act that occurred during the pendency of the bankruptcies to the extent that the liability and violations exceed the Debtors' financial assurance with the Oil Conservation Division of the New Mexico Energy, Minerals and Natural Resources Department for well plugging, and to the extent that liability and violations exceed any additional money, value, claims, notes, or claims that the State recovers for the Estates.

21.     Accordingly, both Acacia Resources and Acacia Operating are receiving releases and, further, Acacia Resources' estate is receiving $650,000.

22.     Based on the foregoing, the Trustee believe the proposed compromise satisfies the requirements established by the Fifth Circuit in *In re Jackson Brewing* and should be

approved.[3]

**WHEREFORE,** the Trustee respectfully requests that this Court enter an order: 1) approving the proposed compromise set forth above; 2) finding that the Settlement Agreement satisfies Rule 9019 because it is fair, equitable, and in the best interests of the Debtor's estate; 3) approving the $650,000 payment to go to the Acacia Resources, LLC estate rather than the Acacia Operating Company, LLC estate; and 4) granting such relief as is just and proper.

DATED: May 22, 2026,                                                    Respectfully submitted,

                                                                        **HAYWARD PLLC**

                                                                        */s/Charlie Shelton*
                                                                        Charlie Shelton
                                                                        Texas State Bar No. 24079317
                                                                        7600 Burnet Road, Suite 530
                                                                        Austin, TX 78757
                                                                        Telephone: (737) 881-7100
                                                                        Email: cshelton@haywardfirm.com

                                                                        ***Counsel for the Chapter 7 Trustee***

---

[3] *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980).

## CERTIFICATE OF SERVICE

I certify that on May 22, 2026, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Western District of Texas on the parties below via email.

| | |
|---|---|
| Ron Satija, Chapter 7 Trustee<br>PO Box 660208<br>Austin, TX 78766 | US Trustee<br>901 San Jacinto, Ste. 230<br>Austin, TX 78701 |
| BRANDON JOHN TITTLE<br>TITTLE LAW GROUP, PLLC<br>5550 GRANITE PKWY SUITE 220<br>PLANO, TX  75024 | Acacia Resources, LLC<br>P.O. Box 1110, Ste. 303<br>Boerne, TX 78006-1110 |
| Abigail Rushing Ryan<br>Bankruptcy Counsel<br>National Association of Attorneys General<br>1850 M Street NW, 12th Floor<br>Washington, DC 20036<br>aryan@naag.org<br><br>COUNSEL FOR THE STATE OF NEW MEXICO | Esther C. Jamison<br>Assistant Attorneys General<br>Environment Protection Division<br>New Mexico Department of Justice<br>408 Galisteo Street<br>Santa Fe, NM 87501<br>ejamison@nmdoj.gov |
| Jackson Walker LLP<br>Attn: Jennifer Wertz & Beau Butler<br>100 Congress, Suite 1100<br>Austin, Texas 78701<br>jwertz@jw.com<br>bbutler@jw.com<br><br>*Counsel for Marquis Reed Gilmore Jr, Gilmore Oil & Gas, LP, Bluebird Energy Corporation, and Cibolo Energy* | Beatty & Wozniak, P.C.<br>Attn: Andrew K. Glenn<br>1675 Broadway, Suite 600<br>Denver, CO 80202-4692<br>aglenn@bwenergylaw.com<br><br>*Counsel for New Era Defendants* |

*/s/ Charlie Shelton*
Charlie Shelton