### SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is entered into as of this 19th day of May, 2026 (the "Effective Date"), by and between Everett Willard Gray II, Solis Partners, LLC, Pecos Slope Holdings, LLC, New Era Energy & Digital, Inc., First Gray Corporation, and WS Oil and Gas, Ltd. (collectively, the "New Era Defendants"), and Ron Satija, Chapter 7 Trustee (the "Trustee") for Acacia Resources, LLC, and Acacia Operating Company, LLC (collectively, "Acacia"). The New Era Defendants and Trustee are at times hereafter collectively referred to as the "Parties," and each individually, a "Party."

### RECITALS

WHEREAS, on December 27, 2024, Acacia filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas (the "Bankruptcy Court"), commencing Case Nos. 24-70194-smr and 24-70195-smr (the "Bankruptcy Cases"), and the Trustee was thereafter appointed as Chapter 7 trustee in Acacia's bankruptcy proceedings;

WHEREAS, on December 23, 2025, the State of New Mexico and the Oil Conservation Division of the New Mexico Energy, Minerals, and Natural Resources Department (collectively, the "State") filed a civil action in the First Judicial District Court of New Mexico, Santa Fe County, Case No. D-101-CV-2025-03283, against the New Era Defendants, Acacia, and others (the "State Litigation") alleging violations of New Mexico's Uniform Voidable Transactions Act ("UVTA") and Fraud Against Taxpayers Act, as well as claims for unjust enrichment, civil conspiracy to commit UVTA and FATA violations, and piercing the corporate veil and alter ego liability, among other claims;

WHEREAS, the State and the Trustee subsequently agreed that the Trustee holds the exclusive right to control, settle, release, and dismiss the State's UVTA (Counts II and III), unjust enrichment (Count VI), civil conspiracy (Count VII), and veil piercing (Count XI) claims asserted against the New Era Defendants (the "Trustee Claims");

WHEREAS, the New Era Defendants deny all liability for the claims asserted in the State Litigation;

WHEREAS, the Parties wish to settle the Trustee Claims and any other claims owned, held, or controlled by the Trustee or Acacia's bankruptcy estate arising out of the facts underlying the Trustee Claims; and

NOW, THEREFORE, in consideration of the releases, promises, covenants, representations, and warranties contained in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

Settlement Agreement
New Era Defendants and Ron Satija, Chapter 7 Trustee for Acacia
May 19, 2026

## ARTICLE 1
## PAYMENT AND RELEASE

1.1.     <u>Settlement Payment</u>. The New Era Defendants shall pay the Trustee the sum of $1,000,000 within five business days of the Bankruptcy Court's approval of this Agreement via wire transfer in accordance with the payment instructions set forth below (the "<u>Settlement Payment</u>"). The Settlement Payment is made in exchange for the Trustee's commitments set forth in Sections 1.2 and 1.3. The New Era Defendants shall wire the Settlement Payment to the instructions provided by the Trustee.

1.2.     <u>Dismissal of Claims</u>. Within five business days of the Trustee's receipt of the Settlement Payment, the Trustee shall take all actions reasonably necessary and within his authority to effect the dismissal with prejudice of the Trustee Claims against the New Era Defendants in the State Litigation, including by filing, joining in, consenting to, or reasonably cooperating with the filing of any stipulation, notice, motion, proposed order, amended pleading, or other document necessary to accomplish the dismissal with prejudice.

1.3.     <u>Release by Trustee</u>. Effective upon the Trustee's receipt of the Settlement Payment, the Trustee, in his capacity as the Chapter 7 trustee of the bankruptcy estate of Acacia, and on behalf of the estate and all persons or entities claiming by, through, under, or on behalf of the Trustee or the estate with respect to the Trustee Claims, hereby fully and completely releases and forever discharges the New Era Defendants, and their respective officers, managers, directors, stockholders, members, partners, employees, insurers, agents, representatives, attorneys, affiliates, subsidiaries, predecessors, successors, and assigns, and all persons acting by, through, under, or in concert with them ("<u>Released Parties</u>"), from any and all actions, causes of action, suits, claims, rights, damages, losses, liabilities, costs, expenses, attorneys' fees, contracts, agreements, obligations, or controversies of any nature whatsoever, whether known or unknown, liquidated or unliquidated, suspected or unsuspected, fixed or contingent, in law or in equity, that the Trustee or Acacia's bankruptcy estate now has, owns, holds, or controls, or at any time previously had, owned, held, or controlled, against the Released Parties arising out of, relating to, or that could have been asserted based on the facts underlying the Trustee Claims.

## ARTICLE 2
## AUTHORITY, REPRESENTATIONS, AND LIMITATIONS

2.1.     <u>Trustee Authority</u>. The Trustee represents and warrants that, pursuant to his authority as Chapter 7 trustee of the bankruptcy estate of Acacia, and the allocation of claims between the State and the Trustee, the Trustee possesses the sole and exclusive authority to settle, release, and, as applicable, dismiss the Trustee Claims. The Parties acknowledge and agree that this Agreement is intended to resolve only the Trustee Claims and any other claims owned, held, or controlled by the Trustee or Acacia's bankruptcy estate against the New Era Defendants arising out of, relating to, or that could have been asserted based on the facts underlying the Trustee Claims.

2.2.     <u>Representations, Warranties, and Covenants</u>. Each Party represents and warrants to the other Party that:

2

Settlement Agreement
New Era Defendants and Ron Satija, Chapter 7 Trustee for Acacia
May 19, 2026

(a) the Party has the full right, power, and authority to enter into this Agreement and perform the Party's obligations hereunder;

(b) the individual executing this Agreement, whether on his own behalf or on behalf of a Party, has the right and legal authority to bind that Party;

(c) the Party has read and understands this Agreement, including the release provision set forth herein;

(d) the Party enters into this Agreement voluntarily, knowingly, and without coercion;

(e) the Party has been represented by counsel, or has had the opportunity to consult with counsel of the Party's choosing, concerning this Agreement and the matters contemplated herein;

(f) the Party is entering into this Agreement based upon its own investigation and judgment, and the Party not relying on any representation, warranty, or statement not expressly set forth in this Agreement; and

(g) the Party has not assigned, transferred, conveyed, or otherwise encumbered any claim, right, or interest released by that Party under this Agreement.

2.3.    No Admission of Liability. The Parties agree that this Agreement, the Settlement Payment, the negotiations leading to this Agreement, and any statements, documents, or communications made in connection with this Agreement are made solely for settlement purposes. Nothing in this Agreement shall be deemed or construed as an admission of liability, wrongdoing, fault, or violation of any statute, law, regulation, duty, or obligation, or as an admission of the truth of any claim, allegation, or defense asserted in the State Litigation or any other action or proceeding. The New Era Defendants expressly deny any and all liability.

2.4.    Bankruptcy Court Approval. The effectiveness of this Agreement shall be subject to entry of a final order by the United States Bankruptcy Court approving this Agreement and the settlement embodied herein. The Trustee shall use reasonable efforts to seek such approval promptly after execution of this Agreement. Unless otherwise required by the Bankruptcy Court, the obligations requiring payment, dismissal, or release shall become effective only upon entry of the Bankruptcy Court's approval order.

**ARTICLE 3**
**MISCELLANEOUS**

3.1.    Entire Agreement. This Agreement constitutes the complete and entire agreement between the Parties concerning the subject matter hereof and supersedes all prior or contemporaneous negotiations, agreements, understandings, representations, or communications, whether written or oral, relating to such subject matter. This Agreement may not be amended, modified, or supplemented except by a writing signed by each of the Parties.

3.2.    Governing Law and Venue. This Agreement shall be governed by and construed in accordance with laws of Texas. If any Party files suit to enforce any of the terms of this Agreement,

Settlement Agreement
New Era Defendants and Ron Satija, Chapter 7 Trustee for Acacia
May 19, 2026

that lawsuit will be subject to the sole and exclusive jurisdiction of the United States Bankruptcy Court for the Western District of Texas, Midland Division, or any other court of competent jurisdiction, and the Parties consent to that court's jurisdiction to resolve any disputes arising under this Agreement.

3.3.     Costs. Each Party shall bear its own costs, expenses, and attorneys' fees incurred in connection with the negotiation, execution, approval, and implementation of this Agreement, except as otherwise expressly provided herein.

3.4.     Recitals. The Recitals are incorporated into and made part of this Agreement. To the extent of any conflict between the Recitals and the operative provisions of this Agreement, the operative provisions shall control.

3.5.     Successors and Assigns. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors, assigns, representatives, heirs, estates, administrators, trustees, officers, directors, members, managers, employees, agents, attorneys, and all persons or entities acting by, through, under, or in concert with them.

3.6.     Severability. If any provision of this Agreement is held invalid, illegal, or unenforceable, the remaining provisions shall remain in full force and effect. Any invalid, illegal, or unenforceable provision shall be construed, if possible, to give effect to the Parties' intent to the maximum extent permitted by law. If such construction is not possible, the provision shall be severed and the remainder of this Agreement shall remain enforceable.

3.7.     Counterparts and Facsimile Signatures. This Agreement may be executed in any number of counterparts, each of which when so executed shall constitute in the aggregate but one and the same document. Signatures transmitted by electronic mail, or by secure cloud, digital, or electronic signature service such as Adobe Sign or Docusign, shall be valid and binding as original signatures.

3.8.     Notices. Any notice, communication, request, instruction or other document required or permitted hereunder shall be given in writing and delivered by e-mail, and also in person or sent by overnight delivery service such as FedEx, to the addresses of the Parties set forth below. Any such notice shall be effective only upon receipt. Either Party may, by written notice so delivered, change its address for notice purposes hereunder.

3.9.     Further Assurances. The Parties shall execute and deliver such further documents and take such further actions as are reasonably necessary to effectuate the terms and intent of this Agreement.


REMAINDER OF PAGE LEFT BLANK


SIGNATURE PAGE TO FOLLOW


4

SIGNATURE PAGE TO SETTLEMENT AGREEMENT DATED EFFECTIVE May 19, 2026

This SETTLEMENT AGREEMENT is executed by each Party as of the date indicated below but effective for all purposes as of the Effective Date.

**Everett Willard Gray II, Solis Partners, LLC, Pecos Slope Holdings, LLC, New Era Energy & Digital, Inc., First Gray Corporation, and WS Oil and Gas, Ltd.**

By: *E. Will Gray II*

Name: E. Will Gray II

Title: Chairman and Chief Executive Officer

Date: May 19, 2026

**Ron Satija, Chapter 7 Trustee of the estate of Acacia, Resources, LLC, and Acacia Operating Company, LLC**

By: *Ron Satija*

Name: Ron Satija

Title: Trustee

Date: May 22, 2026